IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MICHAEL CARROLL, #365628,**          *

*Plaintiff*                             *

v                                       *          Civil Action No. RWT-11-3435

**WARDEN, M.C.T.C,** *et al.*           *

*Defendants.*                           *

**MEMORANDUM OPINION**

On November 29, 2011, Michael Carroll filed a prisoner civil rights complaint under 42 U.S.C. § 1983 requesting substance abuse treatment and a transfer to Patuxent Institution or a correctional institution located in the Baltimore Metropolitan Area. *See* Complaint (ECF No. 1) Mr. Carroll also alleges that he lacks access to his prison base file and the prison mail system is slow. *Id.* As relief, he requests transfer, other injunctive relief, and award of $6.5 million dollars. *Id.*

Because Plaintiff has not submitted the filing fee, the Court will grant Plaintiff leave to proceed in forma pauperis for the purpose of preliminary review. For the reasons that follow, the Complaint will be dismissed pursuant to preliminary review under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**STANDARD OF REVIEW**

The Court must dismiss an action or any claims deemed frivolous or that fail to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C.

§ 1997e(c).  The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."  *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

The second standard is the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations ... to raise a right to relief above the speculative level...."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and conclusions...."  *Id*.  Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."  *Bass v. E.I. Dupont de Nemours & Company*, 324 F.3d 761, 765 (4th Cir. 2003). Whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  *Id*.  Mindful that Plaintiff is self-represented, the Court has construed the Complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).   The Court does not, however, develop statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**DISCUSSION**

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, Plaintiff fails to claim a violation of any federal law or constitutional provision given the facts alleged.

Inmates do not have a constitutional right to access programs or to demand to be housed in one prison rather than another absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224(1976); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir.1975); *see also Sandin v. Conner*, 515 U.S. 472 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). Neither do inmates have a constitutional right to participate in rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88, (1976); *Bowring v. Godwin,* 551 F.2d 22, 48 n. 2 (4th Cir. 1977). Further, Plaintiff fails to allege what harm he has suffered or what federal or constitutional provision was violated in regard to his conclusory allegations of slow prison mail delivery and his inability to access his prison base file.

For these reasons, the Court concludes that Plaintiff's allegations do not give rise to any colorable claims under § 1983, and the Complaint will be dismissed without prejudice. A separate Order follows.

Date: <u>January 23, 2012</u>                             <u>       /s/       </u>
                                                                    ROGER W. TITUS
                                                         UNITED STATES DISTRICT JUDGE